IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BRANDI GAIL FLEMING**                                                                  **PLAINTIFF**

V.                                               **CIVIL ACTION NO. 4:20-CV-175-DAS**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**               **DEFENDANT**

## MEMORANDUM OPINION AND JUDGMENT

This court has before it the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for Social Security Disability and/or Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Fifth Circuit Court of Appeals. The court, having reviewed the administrative record, the briefs and oral argument of the parties, and the applicable law, finds the decision of the Commissioner of Social Security should be affirmed.

## FACTS

The plaintiff, Brandi Gail Fleming, filed for benefits on December 6, 2018, alleging onset of disability beginning on August 12, 2017. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on June 17, 2020. (Dkt. 12 p.15-25). The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined Fleming had the following severe impairments: post-traumatic stress disorder, depressive disorder, and degenerative disc disease. The ALJ found she retained the

residual functional capacity (RFC) to perform a limited range of sedentary work. Pertinent to this appeal, the ALJ found she was limited to occasional reaching, handling, and fingering with her left hand and arm. Fleming is right-handed and did not have limitations on the use of her right hand and arm within the exertional limits for sedentary work. The plaintiff is limited to jobs that can be performed while using a handheld assistive device for standing and walking. Fleming must work in a low stress work environment doing only simple routine tasks, without any inflexible or fast-paced production requirements. She can tolerate occasional changes in the work setting. She can frequently interact with the public and coworkers but can accept instructions and respond appropriately to supervisors only occasionally throughout the workday. The ALJ found based on the testimony of the vocational expert that Fleming could not perform her past relevant work as a high school teacher which is skilled, light work, but found she could work perform other jobs available in the national economy. The ALJ adopted the VE's testimony that Fleming could work as a surveillance system operator, call out operator, and as food and beverage clerk. Each of these jobs is unskilled with a specific vocational preparation level (SVP) of two and is performed at the sedentary level of exertion. These job titles represent ten thousand, twenty thousand, and fifty thousand jobs respectively.

## **ANALYSIS**

Fleming argues prejudicial error occurred in the VE's assessment of jobs the plaintiff could perform, arguing multiple errors in the VE's testimony. She also argues the ALJ failed to properly consider all the evidence of record when assessing her RFC.

**Vocational Expert Jobs Assessment**

The plaintiff makes a multi-prong attack on the vocational expert's opinions and testimony. The plaintiff notes the ALJ found that she was limited to occasional reaching, handling, and fingering with her left upper extremity. The vocational expert testified that even if the plaintiff was so limited in the use of her left hand as to functionally be a one-armed person, "it might reduce the numbers [of available jobs], but I am, I am not gonna say that a one-armed person cannot work, 'cause I don't believe that." The plaintiff argues that this conflicts with SSR 96-9p, 1996 WL 374185 (July 2, 1996), which provides:

> Most unskilled sedentary jobs require use of both hands and the fingers; i.e., bilateral manual dexterity. Fine movements of small objects require use of the fingers, e.g., to pick up or pinch. Most unskilled sedentary jobs require good use of both hands and fingers for repetitive hand-finger actions. Any significant manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in significant erosion of the unskilled sedentary occupation base.

She argues the VE's testimony cannot be accepted because it is fundamentally at odds with the Social Security policy stated in this SSR. Because the ALJ found Fleming's RFC was a very limited range of sedentary work, she argues that proper consideration of SSR 96-9p should have led to a determination of disability.

The Commissioner counters that SSR 96-9p also provides, "when the limitation is less significant, especially, if the limitation is in the non-dominant hand, it may be useful to consult a vocational resource." *Id.* The court notes Fleming's limitation was in her non-dominant arm and the ALJ's limitation of the use of the arm was not equivalent to being one-armed. Finally, the ALJ did consult with a vocational resource. The plaintiff disagrees with the vocational expert's testimony, but the ALJ accepted that testimony which provides substantial evidence to support this facet of the ALJ's decision.

The plaintiff next argues the VE selected jobs inconsistent with the DOT and not within her RFC. She argues the Food and Beverage clerk job could not be performed because of her manipulative limits. But the VE testified that the job would not require constant order-taking and the manipulation functions of the job could be done with the plaintiff's dominant hand. She also testified the job was not inconsistent with the plaintiff's limitation to frequent -- as opposed to constant -- ability to interact with the public and co-workers. The plaintiff's argument again amounts to a disagreement with the VE's testimony. The testimony addressed the potential conflict and that explanation was accepted by the ALJ.

Fleming also argues the call-out operator job as described in the DOT conflicts with the VE's testimony, asserting that the job includes typewriter and computer input, and is therefore outside of the plaintiff's RFC because her limited manipulative abilities. The DOT description does not expressly require data input, but rather references filling out forms for computer input and/or typewritten reports. One can speculate about the potential impact of the ever-increasing ubiquity of computers in the workplace since the DOT was compiled on this and other jobs. Computers also may have impacted how this job is performed and/or the numbers of these jobs still in existence. But that issue was not raised with the VE, nor before this court. The issue raised here is whether there is a conflict between the VE's testimony and the DOT, and the court finds there is no such conflict.

In her final argument regarding the VE's testimony, Fleming argues the jobs selected by the VE are incompatible with her RFC because each requires a level three reasoning. The ALJ found Fleming was limited to simple routine work. This issue was raised with the VE who testified that the jobs were unskilled with SVPs of two.[1]  The plaintiff argues the VE conflated

---

[1] For unskilled jobs the SVP will be one or two and the jobs require a month or less to learn the job.

the time required to learn the job with the reasoning level required to perform the job. While there is a split of authority among the circuits about whether a level three reasoning ability requirement is, or is not consistent with simple work, this court decided in *Clevenger v. Commissioner of Social Security,* 2021 WL 681117 (N.D. Miss. Feb 22, 2021), that a level three reasoning requirement does not necessarily conflict with a simple work limitation. The court continues to adhere to that decision, following the reasoning in *Ruffin v. Colvin,* 2017 WL 536549 (S.D. Miss. Feb. 28, 2017). Consequently, the court does not find any prejudicial error in the testimony of the vocational expert.

### **Consideration of Evidence in Assessing the RFC**

In her final argument, the plaintiff challenges the ALJ's findings as to her ability to interact with others. The ALJ determined Fleming could interact with both the public and her coworkers on a frequent basis but limited her interaction with supervisors to an occasional basis. As proof of prejudice, Fleming points out that limitation to occasional interaction with the public would eliminate one of the VE's jobs and all three jobs are eliminated if she is limited to occasional interaction with coworkers. She argues that an individual limited to just occasional interaction with supervisors would necessarily have the same limitations in dealing with the public and coworkers. She also points out that the Disability Determination Service consultant's opinions, which the ALJ found persuasive, limited Fleming to occasional interaction with coworkers.

The court agrees with the Commissioner's argument that this is a request to reweigh the evidence. Because supervisors are authority figures, interaction with them can be more stressful, justifying a greater interaction limitation, and thus, the court finds the RFC is supported by substantial evidence.

Having found the decision of the Commissioner of Social Security is supported by substantial evidence and finding no prejudicial error, the final decision of the Commissioner is affirmed.

**SO ORDERED AND ADJUDGED**, this the day 21st day of September, 2021.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**